**HERBERT LAW GROUP, LLC**
John T. Herbert, Esq.
Attorney ID: 002291975
96 Engle Street
Englewood, NJ 07631
Office: (201) 490-4070
Facsimile: (201) 490-4077
jherbert@herbertlawllc.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(Newark Division)

| | |
|---|---|
| WOLLITA RIVERA,<br><br>                Plaintiff,<br>v.<br><br>ATRIA SENIOR LIVING, INC., AND JOHN/JANE DOES A THROUGH D,<br><br>                Defendant. | Civil Action No.:<br><br>COMPLAINT |

COMES NOW PLAINTIFF, WOLLITA RIVERA, by and through her attorneys, Herbert Law Group LLC, hereby files this Complaint and cause of action against DEFENDANTS, ATRIA SENIOR LIVING, INC., and JOHN DOES A THROUGH D and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Wollita Rivera is an adult female and a citizen of the United States of America and a resident of the State of New Jersey, County of Union.

2. Atria Senior Living, Inc., (referred to herein as "Defendant") at all times herein mentioned is a corporation organized and existing under the laws of the State of New Jersey, with a principal place of business located at 10 Jackson Drive, in the State of New Jersey, Township of Cranford, County of Union.

3.     At all times pertinent to this Complaint, Plaintiff was an "employee" of Defendant and worked primarily at facilities located in the State of New Jersey, Township of Cranford, County of Union, within the meaning of 29 U.S.C. Section 630(f) and Section 10:5-5(5) (f) of the New Jersey Law Against Discrimination ("LAD").

4.     During her employment with Defendant, Plaintiff's position was Community Sales Director.

5.     Plaintiff was born March 6, 1976, and at all times pertinent to this Complaint she was older than 40 years of age.

6.     Plaintiff was employed for three (3) years until her termination on or about July 3, 2019.

7.     Defendant operates an assisted-living community within various locations in the United States, including New Jersey. Defendant employs more than 100 employees.

8.     At all times relevant to this lawsuit, Defendant was and is a "person" and an "employer" within the meaning of 29 U.S.C. Sections 630(a) and (b) and Sections 10:55(5)(a) and (b) of the LAD. At all times relevant to this lawsuit, Plaintiff was a regular full-time employee of Defendant.

9.     Defendants John and Jane Does A-D are fictitious names; Plaintiff hereby reserves her right to amend the Complaint as a result of pleading fictitious parties. John and Jane Does A-D are individuals that may have discriminated against Plaintiff, but they are as yet unknown.

## JURISDICTION

10.    Because Plaintiff asserts disability discrimination claims arising under Title 42, Chapter 126 at Section 12101 of the United States Code, along with gender and age claims

arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), this Court has jurisdiction over this controversy, the authority to empanel a jury to decide its facts, and the authority to order any and all appropriate legal and equitable relief for any violations of law found. Title 28 U.S.C. Section 1367(a) grants this Court jurisdiction to adjudicate Plaintiff's claims arising under LAD and Plaintiff hereby requests that the Court so assert this jurisdiction.

## VENUE

11. Pursuant to 28 U.S.C. Section 1391(b) (2) and LAD, venue is proper in this Court because all of the events giving rise to Plaintiff's claims occurred in this Judicial District.

## PROCEDURAL HISTORY

12. On or about April 24, 2020, Plaintiff completed an Equal Employment Opportunity Commission ("EEOC") Charge ("Charge") and submitted it to the Director of the New Jersey District Office.

13. The Charge alleged age, gender and disability discrimination and retaliation.

14. On or about August 29, 2020, Plaintiff received a Right to Sue Notice from the EEOC.

15. Plaintiff has filed this lawsuit within ninety (90) days of her receipt of the Right to Sue.

## STATEMENT OF FACTS

16. Plaintiff was employed by Defendant as the Community Sales Director for three (3) years before her termination on or about July 3, 2019.

17. Defendant employed Plaintiff with the knowledge that she is a disabled Army veteran. The disability required occasional time off from work, the use of under arm crutches, wrap around arm crutch, knee braces and a back brace.

18. In or around February of 2018, and again in or around June/July of 2018, Plaintiff requested a disability accommodation. The February request was made to Joyce Yankowski, former Executive Director, who agreed to Plaintiff's request that she work in the office more as opposed to field work.

19. When Plaintiff made the same request to Michael Ciercierski, a male, after he took over as Executive Director, Plaintiff's request was denied.

20. Plaintiff performed her duties exemplary as one of the top members within Defendant's staff, even as she faced harassment and discrimination from her direct manager, Mr. Ciercierski.

21. On or about March 12, 2019, Plaintiff advised Regional Vice President Karol Gorniaki that the behavior of Mr. Ciercierski had hindered the overall sales process and that he had failed to provide support in the sales process.

22. In addition, Mr. Ciercierski's cavalier attitude towards Plaintiff's service and resulting disability was egregious.

23. After filing this complaint with Human Resources, Plaintiff requested a medical leave of absence; however, human resources failed to properly submit her documentation.

24. This resulted in a loss of income during the critical period of her temporary disability, from April 8, 2019, through May 13, 2019.

25. Plaintiff made numerous inquiries via both telephone and electronic mail through the chain of command, which included Michelle Yeneic.

26. These inquiries were ignored, and there was no resolution of her temporary disability claim or a response to her request for extended absence made from her treating physician.

27. Defendant cited a two-month downturn in sales as the reason for Plaintiff's termination, yet similarly situated individuals within the agency were not held to the same standards.

## COUNT ONE
## DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT AND THE NEW JERSEY LAW AGAINST DISCRIMINATION

28. Plaintiff repeats and re-alleges the allegations set forth Paragraphs 1-27 as though fully set forth herein.

29. By the conduct set forth in the Statement of Facts above, Defendant engaged in unlawful employment discrimination against Plaintiff on account of her disability in violation of the Americans with Disabilities Act and the LAD as follows.

30. Defendant failed to properly provide a reasonable accommodation for Plaintiff's disability.

31. As a direct and proximate result of the extreme, outrageous, malicious, willful and reckless conduct of Defendant, Plaintiff has suffered lost earnings and benefits along with emotional pain, distress and anguish.

## COUNT TWO
## AGE DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND NEW JERSEY LAW AGAINST DISCRIMINATION

32. Plaintiff repeats and re-alleges the allegations set forth Paragraphs 1-31 as though fully set forth herein.

33. By the conduct set forth in the Statement of Facts above, Defendant engaged in unlawful employment discrimination against Plaintiff on account of her age in violation of Title VII and the LAD as follows.

34. Plaintiff is over 40 years of age and was over 40 years of age during the events that are the subject of this action. She was highly qualified to perform the functions of her job and in fact demonstrated her skills during her entire employment with Defendant, which spanned approximately three (3) years.

35. Not only were Plaintiff's accommodation requests were ignored, but younger, colleagues without medical accommodation needs within the agency were not held to the same standards.

36. As a direct and proximate result of the extreme, outrageous, malicious, willful and reckless conduct of Defendant, Plaintiff has suffered lost earnings and benefits along with emotional pain, distress and anguish.

## COUNT THREE
## GENDER DISCRIMINATION UNDER THE
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE NEW JERSEY LAW AGAINST DISCRIMINATION

37. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-36 as though fully set forth herein.

38. By the conduct set forth in the Statement of Facts above, Defendant engaged in unlawful employment discrimination against Plaintiff on account of her gender in violation of Title VII and the LAD et. seq as follows.

39. Defendant treated other employees similarly situated but without a medically documented accommodation more favorably than Plaintiff who had a medically documented need for a reasonable accommodation and, in addition, were not female.

40. As a direct and proximate result of the extreme, outrageous, malicious, willful and reckless conduct of Defendant, Plaintiff has suffered lost earnings and benefits along with emotional pain, distress and anguish.

## COUNT FOUR
## RETALIATION

41. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1-40 as though fully set forth herein.

42. By the conduct set forth in the Statement of Facts above, Defendant engaged in unlawful retaliation against Plaintiff for filing complaints with Human Resources in connection with the unlawful discrimination and harassment she was subjected to daily.

43. As a direct and proximate result of the extreme, outrageous, malicious, willful and reckless conduct of Defendant, Plaintiff has suffered lost earnings and benefits along with emotional pain, distress and anguish.

## COMPENSATORY DAMAGES AND RELIEF REQUESTED

44. Plaintiff re-alleges all previous Paragraphs as though fully set forth here.

45. All of Defendant's acts of unlawful discrimination against Plaintiff were intentional, willful, and in reckless disregard of Plaintiff's legal rights and legitimate interests as a Citizen of the United States and a resident of the State of New Jersey and as a person who is entitled to the protections of their laws.

46. The effect of Defendant's unlawful age, gender and disability employment practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected her life and status as an employee of Defendant.

47. As a direct result of Defendant's willful, wrongful, and unlawful acts in discriminating against Plaintiff on the basis of her age, gender and disability, Plaintiff has suffered severe emotional distress, depression, humiliation, embarrassment, and impaired self-esteem, and has sustained loss of income, which is resulting in Plaintiff's loss of various fringe benefits and the diminution of her future earning power.

48. All of Defendant's unlawful acts committed against Plaintiff (that is, all harm inflicted on Plaintiff through affirmative acts rather than through negligence) were intentional, hostile, egregious, extreme, and outrageous, and were committed with malicious, willful, and/or reckless indifference to Plaintiff's rights under federal and state law.

49. As a direct and proximate result of the extreme, outrageous, intentional, hostile, malicious, willful, and reckless conduct of the Defendant, Plaintiff has suffered severe emotional pain, distress, and anguish.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the Court grant the following relief:

A. Order Defendant to compensate Plaintiff for her damages in an amount to be proven at trial, and that such relief entail all forms, legal and/or equitable, recoverable under the ADA, Title VII and under the LAD including, but not limited to: front pay with prejudgment interest in an amount to be determined at trial, back pay, compensation for lost benefits and seniority, emotional distress, pain, suffering, and humiliation, punitive damages, attorneys' fees, expert witness fees, if applicable, and the costs of bringing this action, together with any applicable pre- and post-judgment interest.

B. Order Defendant to compensate Plaintiff for punitive damages.

C. Grant other such relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all Counts.

Respectfully submitted,

/s/John T. Herbert                                                            November 24, 2020
_____                    _____
John T. Herbert, Esq.                                                          Date
Attorneys for Plaintiff